USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/20/2017

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
TRUSTEES OF THE NEW YORK CITY          :
DISTRICT COUNCIL OF CARPENTERS          :
PENSION FUND, WELFARE FUND, ANNUITY :
FUND, AND APPRENTICESHIP,                    :
JOURNEYMAN RETRAINING, EDUCATIONAL:
AND INDUSTRY FUND, *et al.*,                      :
                                                                        :
                                             Petitioners,   :
                                                                        :
                       -against-                                 :
                                                                        :
MODULAR SYSTEMS INSTALLATIONS, INC.,  :
                                                                        :
                                             Respondent.    :
-------------------------------------------------------------------X

1:17-cv-6467-GHW

MEMORANDUM OPINION
AND ORDER

GREGORY H. WOODS, United States District Judge:

The Trustees of the New York City District Council of Carpenters Pension Fund, Welfare

Fund, Annuity Fund, and Apprenticeship, Journeyman Retraining, Educational and Industry Fund;

the Trustees of the New York City Carpenters Relief and Charity Fund; the New York City and

Vicinity Carpenters Labor Management Corporation (together, the "Funds"); and the New York

City District Council of Carpenters (the "Union," and collectively with the Funds, the "Petitioners")

seek to confirm an arbitration award obtained against Modular Systems Installations, Inc.

("Modular" or "Respondent") pursuant to Section 301 of the Labor Management Relations Act

("LMRA"), 29 U.S.C. § 185.[1]  For the following reasons, the award is confirmed.

---

[1] Petitioners styled their petition as one brought "under Section 502(a)(3) of the Employee Retirement Security Act of
1974 ("ERISA"), as amended, 29 U.S.C. § 1132(a)(3); section 301 of the Labor Management Relations Act of 1947
("LMRA"), as amended, 29 U.S.C. § 185; and/or section 9 of the Federal Arbitration Act, 9 U.S.C. § 9."  ECF No. 1,
Pet. to Confirm Arbitration Award, ¶ 1.  The Court treats the petition as one brought under Section 301 of the LMRA.
The Court will not consider the petition under ERISA because "an action to confirm an arbitration award is not an
appropriate vehicle for adjudication of ERISA claims for damages." *Ottley v. Schwartzberg*, 819 F.2d 373, 377 (2d Cir.
1987); *see also New York City Dist. Council of Carpenters Pension Fund v. E. Millenium Constr., Inc.*, No. 03-cv-5122 (DAB),
2003 WL 22773355, at *1 n.1 (S.D.N.Y. Nov. 21, 2003) (declining to consider the plaintiff's ERISA claims for the same
reason).  Nor will the Court consider the petition under the FAA, since the FAA does not apply to actions within the
scope of Section 301 of the LMRA.  *Santos v. Gen. Elec. Co.*, No. 10-cv-6948 (JSR), 2011 WL 5563544, at *8 & n.13
(S.D.N.Y. Sept. 28, 2011); *accord Westerbeke Corp. v. Daihatsu Motor Co., Ltd.*, 304 F.3d 200, 222 (2d Cir. 2002) ("[T]he FAA
is no longer applicable to actions to enforce arbitration awards brought pursuant to § 301 of the LMRA."); *see also id.* at

## I.    BACKGROUND

During the relevant time period, Respondent was a member of the Association of Wall Ceiling and Carpentry Industries of New York (the "AWCC").  Pets.' Stmt. Of Facts (ECF No. 14), ¶ 6 ("56.1 Statement"); Decl. of Christopher Ozard (ECF No. 12), ¶ 8 & Ex. A.  Pursuant to a collective bargaining agreement entered into between the AWCC and the Union (the "CBA"), Modular was required to pay hourly benefit contributions to the Funds for every hour of work performed within the trade and geographical jurisdiction of the Union.  56.1 Statement ¶ 8; Ozard Decl. ¶ 10 & Ex. B, CBA at 39, art. XVI § 1.  The CBA also required Modular to furnish its books and payroll records when requested by the Funds for the purpose of completing an audit to ensure that Modular had complied with its benefit contribution obligations.  *Id.* art. XVI § 1(a); *see also* Ozard Decl., Ex. C (Revised Statement of Policy for Collection of Employer Contributions) § IV, ¶ 1.

With respect to dispute resolution, the CBA provided that "[s]hould any dispute or disagreement arise between the parties hereto, or between the Union and any signatory Employer-member, concerning any claim arising from payments to the Fund[s] of principal and/or interest which is allegedly due, either party may seek arbitration of the dispute before the impartial arbitrator designated hereunder."  CBA, art. XVI, § 12.  The CBA also provided that "[t]he arbitrator shall have full and complete authority to decide any and all issues raised by the submission and to fashion an appropriate remedy pursuant to this Agreement including, but not limited to, monetary damages" and that "[t]he arbitrator's award . . . shall be final and binding upon the parties hereto and the individual Employer, if any, and shall be wholly enforceable in any court of competent jurisdiction."  *Id.* § 12(a).  It also provided that "[t]he cost of the arbitration, including the fees to be paid to the arbitrator shall be included in the award and shall be borne by the losing party."  *Id.*

---

221-22 (lamenting the "unfortunate tendency of courts in this Circuit to conflate review of awards under the FAA and under § 301 [of the LMRA]" and noting that "it would be error to collapse the analysis under the two statutes").

As was their right under the CBA, the Funds conducted an audit of Modular's books and records for the period December 29, 2014 through September 25, 2016 to determine whether Modular had complied with its contribution requirements. 56.1 Statement ¶ 14; Ozard Decl. ¶ 16. Thereafter, the Funds initiated arbitration pursuant to the CBA, before arbitrator Roger Maher, one of the arbitrators designated by the CBA. 56.1 Statement ¶ 15; Ozard Decl. ¶ 17 & Ex. B, art. XVI § 12. Notice that a hearing had been scheduled for May 2, 2017 was sent to Modular by regular and certified mail. 56.1 Statement ¶ 16; Ozard Decl. ¶ 18 & Ex. D.

At the hearing, Petitioners appeared through counsel and submitted testimony and other evidence in support of their claims. Ozard Decl., Ex. E (Award) at 1-2. No representative appeared at hearing on behalf of Modular; because Petitioners had provided proof that Modular had legally sufficient notice of the hearing and the claims against it, the arbitrator held Modular in default and proceeded in its absence. *Id.* On May 3, 2017, the arbitrator issued his award, finding that the "uncontroverted testimony and evidence" established that Modular was bound to the CBA and was thus required to make certain payments to the Funds. *Id.* at 2. The arbitrator determined that, based on the testimony of the auditor who conducted the audit and "the substantial and credible evidence of the case as a whole," *id.*, Modular had violated the CBA and owed the Funds $30,350.72 in estimated principal benefit contributions; $3,186.75 in interest; $6,070.14 in liquidated damages; $168.63 in promotional fund contributions; $400.00 in "court costs;" $1,500 in attorneys' fees; $500 for the arbitrator's fee; and $2,413.75 in audit costs, for a total award of $44,589.99. *Id.* at 3. The arbitrator also awarded interest, accruing at the rate of 5.75% from the date of issuance of the award. *Id.* at 3.

On August 24, 2017, Petitioners commenced the instant confirmation action, asserting that Modular had not satisfied any portion of the arbitral award. *See* ECF No. 1 ¶ 22. The Court directed Petitioners to file any declarations and affidavits with which it intended to support its petition by September 25, 2017 and directed Modular to file any opposition by October 9, 2017.

ECF No. 6. Petitioners filed their motion for summary judgment and supporting documents on September 20, 2017. ECF Nos. 11-15. Respondent failed to file any opposition by October 9, 2017. The Court granted Respondent an extension of the deadline, *sua sponte*, to October 18, 2017. ECF No. 17.

Petitioners served their petition and summons on September 5, 2017. ECF No. 9. They also served the Court's scheduling order on August 29, 2017, ECF No. 8, and they served their motion for summary judgment on September 21, 2017. ECF. No. 16. Despite being properly served with the petition and summons, Petitioners' motion for summary judgment, and the Court's order establishing deadlines for opposing that motion, Modular has not appeared in this action.

## II. DISCUSSION

### A. The Arbitration Award

"Section 301 of the [LMRA], 29 U.S.C. § 185, provides federal courts with jurisdiction over petitions brought to confirm labor arbitration awards." *Local 802, Associated Musicians of Greater N.Y. v. Parker Meridien Hotel*, 145 F.3d 85, 88 (2d Cir. 1998). "Confirmation of a labor arbitration award under LMRA § 301 is a summary proceeding that merely makes what is already a final arbitration award a judgment of the Court." *N.Y. Med. Ctr. of Queens v. 1199 SEIU United Healthcare Workers E.*, No. 11-cv-04421 (ENV)(RLM), 2012 WL 2179118, at *4 (E.D.N.Y. June 13, 2012) (internal quotation marks omitted).

A court's review of a final arbitration award under the LMRA is "very limited." *Nat'l Football League Mgmt. Council v. Nat'l Football League Players Ass'n*, 820 F.3d 527, 536 (2d Cir. 2016) (quoting *Major League Baseball Players Ass'n v. Garvey*, 532 U.S. 504, 509 (2001)). Courts are "not authorized to review the arbitrator's decision on the merits . . . but inquire only as to whether the arbitrator acted within the scope of his authority as defined by the collective bargaining agreement." *Id.* It is not the Court's role to "decide how [it] would have conducted the arbitration proceedings, or how [it] would have resolved the dispute." *Id.* at 537. Instead, the Court's task is "simply to ensure that the

4

arbitrator was 'even arguably construing or applying the contract and acting within the scope of his authority' and did not 'ignore the plain language of the contract.'" *Id.* (quoting *United Paperworks Int'l Union v. Misco, Inc.*, 484 U.S. 29, 38 (1987)); *see also Local 97, Int'l Bhd. of Elect. Workers v. Niagara Mohawk Power Corp.*, 196 F.3d 117, 124 (2d Cir. 1999) ("Because [t]he federal policy of settling labor disputes by arbitration would be undermined if courts had the final say on the merits of [arbitration] awards, an arbitrator's award resolving a labor dispute is legitimate and enforceable as long as it draws its essence from the collective bargaining agreement and is not merely an exercise of the arbitrator's own brand of industrial justice." (citation and internal quotation marks omitted)); *Harry Hoffman Printing, Inc. v. Graphic Commc'ns Int'l Union, Local 261*, 950 F.2d 95, 98 (2d Cir. 1991) ("[A]s long as the arbitrator is even arguably construing or applying the contract and acting within the scope of his authority, that a court is convinced he committed serious error does not suffice to overturn his decision." (internal quotation marks omitted)). "Generally speaking, unless the award is procured through fraud or dishonesty, the decision should not be disturbed." *Niagara Mohawk*, 196 F.3d at 124.

When a petition to confirm an arbitration award is unopposed, courts should generally treat "the petition and accompanying record . . . as akin to a motion for summary judgment." *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 109 (2d Cir. 2006). Thus, like unopposed summary judgment motions, unopposed confirmation petitions "must fail where the undisputed facts fail to show that the moving party is entitled to judgment as a matter of law." *Id.* at 110 (internal quotation marks omitted).

Here, there is no indication that the arbitrator's award was procured through fraud or dishonesty or that the arbitrator was acting in disregard of the CBA or outside the scope of his broad authority to resolve any dispute between the parties regarding contributions. Rather, the record indicates that the arbitrator based his award on undisputed evidence that the Funds conducted an audit in accordance with the terms of the CBA and determined that Modular had been

5

delinquent in its contributions to the Funds between December 29, 2014 and September 25, 2016. The record further indicates that the arbitrator based his principal award and his award of interest, liquidated damages, and various costs on the provisions of the CBA and the Collection Policy, as well as undisputed testimony. Accordingly, Petitioners' motion is granted and the award is confirmed.

### B. Post-award Prejudgment Interest

Petitioners have also requested that the Court award prejudgment interest at the rate of 5.75%—the post-award rate prescribed by the arbitrator—for the period between the date of the award and the date of judgment in this action. ECF No. 1, at 7; ECF No. 15, at 7. The Second Circuit has noted that in the context of actions to confirm arbitral awards there is "a presumption in favor of pre-judgment interest." *Waterside Ocean Navigation Co. v. Int'l Navigation Ltd.*, 737 F.2d 150, 154 (2d Cir. 1984). Accordingly, district courts in this Circuit "have exercised their discretion to award prejudgment interest when confirming arbitration awards under collective bargaining agreements pursuant to § 301 of the LMRA, when the CBAs indicated that an arbitration award was 'final and binding.'" *Serv. Employees Int'l Union, Local 32BJ, AFL-CIO v. Stone Park Assocs.*, LLC, 326 F. Supp. 2d 550, 555 (S.D.N.Y. 2004) (collecting cases). Moreover, the arbitrator has already awarded this interest. Award at 3. Accordingly, this interest rate will be encompassed within the Court's confirmation of the arbitrator's award.

### C. Attorneys' Fees and Costs

Petitioners also request $2,242.50 in attorneys' fees and $230.01 in costs arising from this confirmation action. Decl. of Todd Dickerson (ECF No. 13), ¶¶ 8, 9 & Ex. F.[2] Generally, "in a federal action, attorney's fees cannot be recovered by the successful party in the absence of statutory authority for the award." *Int'l Chem. Workers Union, Local No. 227 v. BASF Wyandotte Corp.*, 774 F.2d

---

[2] It appears that Petitioners are not seeking the full amount of their costs. According to their billing records, the total amount of costs is $630.01. Dickerson Decl., Ex. F, at 3.

43, 47 (2d Cir. 1985). Section 301 of the LMRA does not provide for the recovery of attorneys'

fees. *Id.* However, "[p]ursuant to its inherent equitable powers . . . a court may award attorney's

fees when the opposing counsel acts 'in bad faith, vexatiously, wantonly, or for oppressive reasons.'"

*Id.* (quoting *F.D. Rich Co. v. United States ex rel. Indus. Lumber Co.*, 417 U.S. 116, 129 (1974)). In the

context of confirmation proceedings, "the guiding principle has been stated as follows: when a

challenger refuses to abide by an arbitrator's decision without justification, attorney's fees and costs

may properly be awarded." *Id.* (quoting *Bell Prod. Eng'rs Ass'n v. Bell Helicopter Textron, Div. of Textron,

Inc.*, 688 F.2d 997, 999 (5th Cir. 1982)).

Here, an award of fees and costs is justified. By entering into the CBA, Modular agreed to

submit to arbitration of disputes at the option of either party to the agreement. Modular failed to

participate in the arbitration proceeding, despite having been duly notified of the hearing. Following

the arbitrator's decision that Modular violated its obligations under the CBA, Modular failed to

satisfy any portion of the award and has subsequently failed to oppose the instant petition to

confirm the award. In so doing, Modular has failed to offer any justification for its refusal to abide

by the decision of the arbitrator. *See, e.g., E. Millenium Constr.*, 2003 WL 22773355, at *3 (awarding

fees and costs where defendant "chose not to participate in the arbitration proceedings or even to

oppose Plaintiffs' application for confirmation of the arbitration award"); *New York City Dist. Council

of Carpenters v. Metro Furniture Servs. LLC*, No. 11-cv-7074 (HB), 2012 WL 4492384, at *4 (S.D.N.Y.

Sept. 28, 2012) (awarding attorneys' fees and finding that respondent's "inaction in the arbitration

hearings and in the present action . . . constitutes bad faith"). Moreover, the CBA includes a

provision that allows the Funds to recover reasonable attorneys' fees and court costs upon

prevailing in a confirmation action. CBA, art. XIII, § 4(e) ("Collection Policy"). The Funds'

Collection Policy further states that "[a]ttorneys' fees shall be assessed against a delinquent

employer, at the same hourly rate charged to the Funds for such services . . . for all time spent by

Collection Counsel in collection efforts" and that "[a]ll recoverable costs actually incurred in court

or other legal actions or the collection of delinquent contributions . . . shall be assessed against the delinquent employer." Collection Policy, at 8-9. Therefore, allowing the Funds to recover reasonable attorneys' fees and costs in the current action aligns with the parties' contractual expectations. Finally, an award of attorneys' fees will further the federal policy in favor of settling labor disputes by arbitration. *See Niagara Mohawk Power Corp.*, 196 F.3d at 124.

In support of their request for fees and costs, Petitioners submitted an invoice listing the completed tasks, attorneys' hourly rates, and billed hours, as well as their costs. Dickerson Decl., Ex. F. In total, Petitioners incurred 13.40 hours of legal work at the rates of $300/hour for "of counsel" attorneys, $225/hour for law clerks, and $100/hour for legal assistants. *Id.* ¶¶ 4-6 & Ex. F. Petitioners' costs consist primarily of the court filing and process server fees. *Id.* Ex. F, at 3.

The Court has reviewed these contemporaneous records and has determined that the amounts requested are reasonable. *See* Dickerson Decl., Ex. F. Accordingly, Petitioners' request for attorneys' fees and costs is granted.

## III. CONCLUSION

For the foregoing reasons, the Clerk of Court is directed to enter judgment in favor of Petitioners and against Modular in the amount of $47,062.50—which consists of the arbitration award of $44,589.99 plus $2,472.51 in attorneys' fees and costs incurred in the instant action—plus prejudgment interest on the arbitration award at the rate of 5.75% per annum from the date of the award (May 3, 2017) to the date of judgment. Post-judgment interest will accrue pursuant to 28 U.S.C. § 1961.

The Clerk of Court is further directed to close this case.

SO ORDERED.

Dated: October 20, 2017
New York, New York
GREGORY H. WOODS
United States District Judge